THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654)
County of San Diego
By CARRA L. RHAMY, Senior Deputy (State Bar No. 163269)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4873;  Fax: (619) 531-6005
E-mail: carra.rhamy@sdcounty.ca.gov

Attorneys for Defendants County of San Diego (also sued as "San Diego County Sheriff's Department" and "San Diego County Office of the Public Defender"), Robert Germaine, Javier Medina, Mark Milton, Ken Smith, Salvatore Tarantino and Rick Turvey

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SOLER, | No. 14-cv-2470-MMA(RBB) |
| Plaintiff, | ANSWER TO SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANT KEN SMITH |
| v. | |
| COUNTY OF SAN DIEGO; CPL. ROBERT GERMAINE; JAVIER MEDINA; DET. MARK MILTON; DET. KEN SMITH; SGT. RICK TURVEY; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; SAN DIEGO COUNTY OFFICE OF THE PUBLIC DEFENDER; SALVATORE TARANTINO; and Does 1-35, | [DEMAND FOR JURY TRIAL] |
| Defendants. | |

Defendant Ken Smith answers Plaintiff's Second Amended Complaint filed herein by admitting, denying and alleging as follows:

A.    The allegations in paragraphs 1, 2, 34, 39, 43, 46, 50, 59, 64 and 65 of the second amended complaint ("SAC"), which are merely descriptions of the lawsuit or the applicable law, or merely incorporate prior allegations, and thus require no response from Defendant.  To the extent those paragraphs incorporate other allegations, Defendant incorporates by reference their responses to the allegations in the applicable paragraphs.  To the extent there are any remaining allegations, Defendant denies.

B. In response to paragraphs 18, 30, 31, 32, 33, 35, 36, 37, 38, 40, 41, 42, 44, 45, 47, 48, 49, 51, 52, 53, 54, 55, 56, 57, 58, 60, 61, 62, 63, 66, 67, 68 and 69 of the SAC, Defendant denies all the allegations contained those paragraphs.

C. In response to paragraphs 3, 6, 7, 9, 10, 11, 12, 15, 22, 23, 25 and 30 of the SAC, Defendant lacks sufficient information and belief to admit or deny the allegations contained in those paragraphs, and on that basis denies each and every allegation contained therein.

D. In response to paragraphs 8, 13, 16, 17, 19, 26 and 28 of the SAC, Defendant admits the allegations in those paragraphs.

E. In response to paragraph 4 of the SAC, Defendant admits the allegations with respect to Defendant Tarantino. Defendant denies each and every other allegation contained in paragraph 4 of the SAC based on lack of information and belief.

F. In response to paragraph 5 of the SAC, Defendant admits that Ken Smith was at the relevant times an employee of County of San Diego and was acting in the course and scope of his employment, but denies the remaining allegations based on lack of information and belief.

G. In response to paragraph 14 of the SAC, Defendant admits that Plaintiff was arrested in August of 2013. Defendant denies each and every other allegation contained in paragraph 14 of the SAC based on lack of information and belief.

H. In response to paragraph 20 of the SAC, Defendant admits before the deputies took Mr. Soler away from his home in their patrol car, Mr. Soler and his wife stated to the deputies that Mr. Soler was not Mr. Dishman, had not escaped from prison in Arkansas, and they suspected that their neighbors, with whom they had a long-running conflict, were behind the false allegation to the contrary. And Defendant admits that a deputy said that Mr. Soler would be taken to the Sheriff's sub-station, his fingerprints would be checked, and if they did not match, the Deputy would return Mr. Soler back home. But Defendant denies the remaining allegations in the paragraph.

///

I. In response to paragraph 21 of the SAC, Defendant admits that Plaintiff was first taken to the Alpine Station, where a fingerprint comparison could not be done because the fingerprinting machine was not working; subsequently Plaintiff was taken to the San Diego Central Jail. Defendant denies each and every other allegation contained in paragraph 21 of the SAC based on lack of information and belief.

J. In response to paragraph 24 of the SAC, Defendant admits that on January 15, 2014, Plaintiff was taken to San Diego Superior Court, where he met with Defendant Tarantino, an attorney with the San Diego Office of the Public Defender, and informed Defendant Tarantino that he was not Steven Dishman. Defendant denies each and every other allegation contained in paragraph 24 of the SAC based on lack of information and belief.

K. In response to paragraph 27 of the SAC, Defendant admits the accuracy of the quoted portions of the transcript of the January 15, 2014 Superior Court hearing involving Plaintiff and Defendant Tarantino. Defendant also admits the hearing was continued until January 22, 2014. Defendant denies each and every other allegation contained in paragraph 27 of the SAC.

L. In response to paragraph 29 of the SAC, Defendant admits that Mr. Soler was released on the day before January 22, 2014, but denies the remaining allegations on information and belief.

M. In response to paragraph 35 of the SAC, Defendant admits that Plaintiff was arrested pursuant to a Governor's warrant of rendition. Defendant denies each and every other allegation contained in paragraph 35 of the SAC based on lack of information and belief.

## AFFIRMATIVE DEFENSES

In addition, Defendant alleges and asserts the following affirmative defenses; however, Defendant does not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to the Plaintiff. Moreover, nothing
///

stated in these affirmative defenses is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's allegations.

I

(Failure to State a Cause of Action)

As a first, separate and distinct affirmative defense, Defendant alleges that the SAC fails to state facts sufficient to constitute a claim upon which relief can be granted.

II

(Unclean Hands)

As a second, separate and distinct affirmative defense, Defendant alleges that the Plaintiff's conduct was undertaken with unclean hands, and as such he is estopped from pursuing his claims.

III

(Qualified Immunity)

As a third, separate and distinct affirmative defense, Defendant alleges that he is entitled to qualified immunity from liability under title 42, United States Code section 1983.

IV

(Privilege and Justification)

As a fourth, separate and distinct affirmative defense, Defendant alleges that each and every claim for relief set forth in the SAC is barred because the conduct of Defendant at all relevant times was privileged and justified.

V

(Discretionary Immunity)

As a fifth, separate and distinct affirmative defense, said Defendant alleges that he is not liable by operation of sections 815.2, subdivision (b), and 820.2 of the California Government Code in that the injuries and damages, if there were any, resulted from exercise of discretion vested in public officers and employees.

///

## VI

### (Governmental Immunity)

As a sixth, separate and distinct affirmative defense, said Defendant alleges that he is not liable under the immunities as set forth in the California Government Code sections 800 et. seq.

## VII

### (Warrant Valid on Face)

As a seventh, separate and distinct affirmative defense, Defendant alleges that he is not liable for injuries arising out of the execution of a warrant or other process which was valid on its face, pursuant to California Civil Code section 43.55.

## VIII

### (Failure to Exhaust Administrative Remedies)

As an eighth, separate and distinct affirmative defense, Defendant alleges that the action is barred by Plaintiff's failure to exhaust administrative remedies, including but not limited to, internal administrative procedures and/or statutory administrative procedures and, therefore, this Court lacks jurisdiction over Plaintiff's claims.

## IX

### (Lawful Arrest)

As a ninth, separate and distinct affirmative defense, Defendant alleges that he is not liable by operation of section 815.2, subdivision (b), of the California Government Code and section 847 of the California Penal Code in that the arrest and/or imprisonment arose out of a lawful arrest.

## X

### (Reservation of Additional Affirmative Defenses)

As a tenth, separate and distinct affirmative defense, Defendant alleges that he presently has insufficient knowledge or information upon which to form a belief as to whether he may have available additional, as yet unstated, affirmative defenses.

///

1  Defendant reserves the right to assert additional affirmative defenses in the event
2  investigation and discovery indicate that they would be appropriate.
3      WHEREFORE, Defendant prays as follows:
4      1.    That the action be dismissed with prejudice;
5      2.    That Plaintiff take nothing by his action;
6      3.    That Defendant recover his costs of suit incurred herein, including attorneys'
7  fees; and
8      4.    For such other and further relief as the Court deems proper and just.
9  DATED: February 4, 2016    THOMAS E. MONTGOMERY, County Counsel

By: s/ CARRA L. RHAMY, Senior Deputy
Attorneys for Defendants County of San Diego
(also sued as "San Diego County Sheriff's Department"
and "San Diego County Office of the Public Defender"),
Robert Germaine, Javier Medina, Mark Milton,
Ken Smith, Salvatore Tarantino and Rick Turvey
E-mail: carra.rhamy@sdcounty.ca.gov

Declaration of Service

I, the undersigned, declare: That I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On February 4, 2016, I served the following documents: **Answer To Second Amended Complaint On Behalf Of Defendant Ken Smith [Demand For Jury Trial]** in the following manner:

☐ By personally delivering copies to the person served.

☐ By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

☒ By electronic filing, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

| | |
|---|---|
| Todd W. Burns<br>1350 Columbia Street<br>San Diego, California 92101<br>(619) 236-0244<br>e-mail: gabriel@burnsandcohan.com<br>(Attorney for Plaintiff) | Seth Goldstein<br>1300 I Street, Suite 125<br>Post Office Box 944255<br>Sacramento, California 94244-2550<br>916-327-2364; 916-324-8835 (fax)<br>e-mail: seth.goldstein@doj.ca.gov<br>(Attorney for Defendant Third Party California Governor Edmund G. Brown, Jr. (Special Appearance) |

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 4, 2016, at San Diego, California.

By: s/ CARRA L. RHAMY
E-mail: carra.rhamy@sdcounty.ca.gov

James Soler v. County of San Diego, et al.; USDC No. 14-cv-2470-MMA(RBB)