**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES SOLER,<br><br>                           Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO, et al.,<br>                           Defendants. | Case No.: 14cv2470-MMA (RBB)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY;**<br><br>[Doc. No. 190]<br><br>**DENYING DEFENDANTS WILKINS AND HOBBS' MOTION TO DISMISS**<br><br>[Doc. No. 189] |

      Plaintiff James Soler brings this civil rights action pursuant to Title 42, United States Code, section 1983, and California state law, against the County of San Diego, and various individually named defendants. Defendants Lisa Wilkins and Ray Hobbs move to stay the action. *See* Doc. No. 190. Defendants Ernesto Banuelos and County of San Diego ("County Defendants") join the motion. *See* Doc. No. 191. In addition, Defendants Wilkins and Hobbs move to dismiss Plaintiff's claims against them. *See* Doc. No. 189. Plaintiff filed responses opposing both motions, to which Defendants replied. *See* Doc. Nos. 192-195. For the reasons set forth below, the Court **DENIES** Defendants' motion to stay and **DENIES** Defendants Wilkins and Hobbs' motion to dismiss.

## MOTION TO STAY

Defendants move to stay this action pending resolution by the United States Supreme Court of County Defendants' petition for a writ of certiorari. This is the only ground asserted in support of the requested stay. On November 18, 2019, the Supreme Court denied the petition. *See* S.Ct. Case No. 19-289. Accordingly, the Court **DENIES** Defendants' motion. The Court declines to rule on the parties' competing case management proposals. The Court has referred case management matters to the assigned magistrate judge.

## MOTION TO DISMISS

Defendants Wilkins and Hobbs move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, on various immunity grounds. Plaintiff opposes the motion, arguing, *inter alia*, that Defendants are precluded from asserting certain arguments due to parallel litigation in the Eastern District of Arkansas.

A. Background[1]

This action arises out of events involving a case of mistaken identity and Plaintiff's arrest for a thirty-year old crime he did not commit. At the time in question, Defendant Lisa Wilkins was an attorney employed by the Arkansas Department of Corrections, and Defendant Ray Hobbs was the Director of the Arkansas Department of Corrections. *See* Third Amended Complaint, Doc. No. 60 ¶ 16. Wilkins prepared an affidavit for Hobbs' signature to support a judicial finding of probable cause to conclude that Plaintiff was a wanted escapee from Arkansas prison, Steven Dishman. *Id*. The affidavit stated, "I have new and reasonably believe it to be accurate information as to [Mr. Dishman's] current

---

[1] Because this matter comes before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in Plaintiff's operative complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Based on the parties' and the Court's familiarity with Plaintiff's factual allegations, the Court sets forth only a brief summary herein.

2

residence at [Mr. Soler's street address], Alpine, California, and is living under the alias of James DeWolfe Soler." *Id*. In turn, Hobbs presented the affidavit to an Arkansas judge, who issued an Affidavit of Probable Cause to support the extradition of "Steven Dishman, a/k/a James DeWolfe Soler" from California to Arkansas. *Id*. These events culminated in Plaintiff's arrest and detention by San Diego County Defendants, and ultimately this action ensued.

The Court previously held that it lacked personal jurisdiction over Defendants Wilkins and Hobbs. *See* Doc. Nos. 125, 141. Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit, *see* Doc. No. 162, and filed suit against Defendants Wilkins and Hobbs in the Eastern District of Arkansas. *See* E.D. AR. Case No. 4:17-cv-00018-BRW. The Arkansas court denied Defendants' motion to dismiss Plaintiff's claims, and later stayed the action pending resolution of Plaintiff's appeal. *See id*, Doc. Nos. 18, 26. Thereafter, the Ninth Circuit reversed this Court's determination that it lacked personal jurisdiction over Defendants Wilkins and Hobbs, and remanded the action accordingly. *See Soler v. Cty. of San Diego*, 762 F. App'x 383 (9th Cir. 2019).

B. <u>Legal Standard</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept as true all material allegations in the complaint and must construe the complaint in the light most favorable to the

plaintiff. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003)).

   C. Plaintiff's Federal Claims

As a threshold matter, Plaintiff argues that Defendants Wilkins and Hobbs are collaterally estopped from relitigating certain issues raised in their pending motion to dismiss with respect to Plaintiff's federal civil rights claims. Specifically, Plaintiff argues that the court in the Eastern District of Arkansas previously considered and rejected Defendants' motion to dismiss Plaintiff's federal claims, as well as Defendants' assertions of qualified immunity from suit over those claims.

"Res judicata encompasses two subsidiary doctrines, claim preclusion and issue preclusion." *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985). "[I]ssue preclusion, or collateral estoppel, bars relitigation, even in an action on a different claim, of all 'issues of fact or law that were actually litigated and necessarily decided' in the prior proceeding." *Id.* (quoting *Segal v. American Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979)). As such, "[w]hen the same claim or issue is litigated in two courts, the second court to reach judgment should give res judicata effect to the judgment of the first, regardless of the order in which the two actions were filed." *Americana Fabrics, Inc.*, 754 F.2d at 1529.

"Under both California and federal law, collateral estoppel applies only where it is established that: '(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.'" *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (quoting *Younan v. Caruso*, 51 Cal. App. 4th 401, 406-07 (1996), and citing *Trevino v. Gates*, 99 F.3d 911, 923 (1996)). All that is needed to satisfy the second criterion is that the previous court's judgment on the particular issue is final and conclusive. *See Luben Indus., Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983).

After reviewing the record of the Arkansas action, the Court finds that the factors set forth above are met with respect to the following issues in this case: (1) whether Plaintiff states a plausible Fourth Amendment claim for wrongful arrest against Defendants Wilkins and Hobbs; (2) whether Plaintiff states a plausible Fourteenth Amendment claim for wrongful detention against Defendants Wilkins and Hobbs; (3) whether Defendant Wilkins is entitled at this stage of the proceedings to dismissal of Plaintiff's claims against her based on prosecutorial immunity; and (4) whether Defendants Wilkins and Hobbs are entitled at this stage of the proceedings to dismissal of Plaintiff's federal claims against them based on qualified immunity. Those issues were raised before, and conclusively rejected by, the district court in Arkansas, and therefore issue preclusion bars their re-litigation in this Court.[2] *See Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938). Accordingly, Plaintiff's federal civil rights claims are not subject to dismissal, nor are Defendants Wilkins and Hobbs entitled to qualified immunity from suit at this time.

D. Plaintiff's Additional Claims

Defendants Wilkins and Hobbs also move to dismiss Plaintiff's California Bane Act claim, and common law false imprisonment and negligence claims. Plaintiff's claim for wrongful arrest, detention, and imprisonment brought pursuant to California's Bane Act, Cal. Civ. Code § 52.1, is adequately pleaded. In so holding, the Court relies in substantial part on the reasoning set forth in the its March 19, 2015 "Order Granting In Part and Denying In Part [County] Defendants' Motion to Dismiss." *See* Doc. No. 16 at 5-7. Likewise, the Court finds Plaintiff's false imprisonment, negligence, and punitive damages claims adequately pleaded.

Defendants Wilkins and Hobbs assert that they are entitled to various statutory immunities from suit provided by California state law, including California Government

---

[2] The court clearly, albeit summarily, held: "Plaintiff's allegations are sufficient to state claims against Defendants."

5

Code §§ 820.2, 820.8, and 821.6.[3]  "'[P]rosecutorial' immunity under Cal. Gov. Code § 821.6 does not apply because it is limited to malicious-prosecution claims." *Sharp v. Cty. of Orange*, 871 F.3d 901, 920 (9th Cir. 2017).  Immunity under section 820.2 "'is reserved for those basic policy decisions [which have] ... been [expressly] committed to coordinate branches of government, and as to which judicial interference would thus be unseemly.'"  *Liberal v. Estrada*, 632 F.3d 1064, 1084 (9th Cir. 2011) (quoting *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1051 (2007)) (quotation marks omitted). Defendants Wilkins and Hobbs have not met their burden of showing that their actions qualify.  *See AE v. Cty. of Tulare*, 666 F.3d 631, 639 (9th Cir. 2012) ("[G]overnment defendants have the burden of establishing that they are entitled to immunity for an actual policy decision made by an employee.").  Cal. Gov. Code § 820.8 provides respondeat superior immunity from suit based on the actions of others, however, Plaintiff's state law claims against Defendants Wilkins and Hobbs arise out of these defendants' own actions. "[B]y its plain language § 820.8 does not 'exonerate[] a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.'  This is true even where other persons are the direct cause of the injury, if their actions are a clearly foreseeable consequence of the public employee's act or omission." *Doe v. Beard*, 63 F. Supp. 3d 1159, 1169 n.8 (C.D. Cal. 2014) (quoting Cal. Gov. Code § 820.8).

In sum, Plaintiff's additional claims are not subject to dismissal at this stage of the proceedings, and Defendants Wilkins and Hobbs are not entitled to statutory immunity from suit.

---

[3] Cal. Gov. Code § 820.2 provides: "[A] public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."  Cal. Gov. Code § 820.8 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission."  Cal. Gov. Code § 821.6 provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' motion to stay this action and **DENIES** Defendants Wilkins and Hobbs' motion to dismiss in its entirety.

**IT IS SO ORDERED**.

DATE: December 4, 2019

_____
HON. MICHAEL M. ANELLO
United States District Judge