# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SOLER,<br><br>                            Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                           Defendants. | Case No.: 14cv2470-MMA(RBB)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR NEW TRIAL DATE [ECF NO. 206];**<br><br>**FIFTH AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

      On December 21, 2019, Plaintiff filed a notice with the Court to advise of his counsel's conflict with the January 12, 2021 trial date and to request that the trial be advanced to mid-December 2020. (ECF No. 206.) Defendants Wilkins and Hobbs filed a response to Plaintiff's request on December 23, 2019, in which they indicated they did not object to moving the trial date but requested that it be reset for February 2021 or thereafter. (ECF No. 207.) The San Diego County Defendants did not file a response to Plaintiff's request. After consulting with the chambers of the Honorable Michael M. Anello and upon good cause appearing, the Court hereby **GRANTS** Plaintiff's request for a trial date in December 2020, modifies the motion in limine deadlines, the pretrial conference date, and the deadlines associated with the pretrial conference, and enters the

following Fifth Amended Scheduling Order:

1. The deadline for Plaintiff to file a motion for leave to file an amended complaint is **January 17, 2020**.[1]

2. A Mandatory Settlement Conference will be conducted on **March 18, 2020** at **10:00 a.m.** in the chambers of Magistrate Judge Ruben B. Brooks. Counsel must submit confidential settlement briefs directly to the magistrate judge's chambers by **March 11, 2020**. All parties, claims adjusters for insured defendants and non-lawyer representatives with complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference and at all settlement conferences. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. Failure to attend or obtain proper excuse will be considered grounds for sanctions.

3. <u>Discovery between Plaintiff and all County of San Diego-related defendants is closed. Paragraphs 4 through 10 below pertain only to discovery relating to Plaintiff's claims against Defendants Wilkins and Hobbs and to these defendants' defenses.</u>

4. All fact discovery must be completed by **May 15, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention

---

[1] All motions filed before the Court must be new motions that are fully-noticed and self-contained. The parties may <u>not</u> incorporate by reference any arguments or evidence submitted in connection with prior motions or filings in this case.

through the meet and confer process.  If the parties reach an impasse on any discovery issue, counsel must file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

    5.    All motions for discovery shall be filed no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.  The 30-day deadline will not be extended without a prior Court order; counsel cannot unilaterally extend the deadline.  For example, ongoing meet-and-confer efforts, rolling document productions, or supplemental discovery responses do not extend the deadline.  A failure to comply will bar the party from filing a corresponding discovery motion.  For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition.  For written discovery, the event giving rise to the discovery dispute is the service of the response.  All interrogatories, requests for admission, and document production requests must be served by **January 17, 2020**.

    6.    The parties must designate their respective experts in writing by **May 29, 2020**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts must be by **June 12, 2020**.  The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list must also include the normal rates the expert charges for deposition and trial testimony.

    7.    By **June 26, 2020**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert

testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

8. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **July 10, 2020**.

9. All expert discovery must be completed by **August 7, 2020**.  The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

10. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

11. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **August 24, 2020**.  Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.

12. Motions in limine are due **October 19, 2020**, and will be heard at the Pretrial Conference.  Oppositions to motions in limine are due **November 2, 2020**.  No Reply briefs will be accepted.[2]

13. In jury trial cases before the Honorable Michael M. Anello, neither party is required to file a Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

---

[2] For further information regarding motions in limine, please refer to Judge Anello's Civil Chambers Rules.

14. Counsel must comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **November 2, 2020**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

15. Counsel must meet and take the action required by Local Rule 16.1(f)(4) by **October 26, 2020**. At this meeting, counsel will discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel will exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits must be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel must note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel must cooperate in the preparation of the proposed pretrial conference order.

16. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **November 2, 2020**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order, and both parties must attempt promptly to resolve their differences, if any, concerning the order.

17. The final Pretrial Conference is scheduled on the calendar of the **Honorable Michael M. Anello** on **November 16, 2020** at **2:30 p.m.**

18. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures must be prepared, served and lodged with Judge Anello by **December 3, 2020**,[3] and must be in the form prescribed in

---

[3] As noted in Judge Anello's Civil Chambers Rules: "This rule modifies and supersedes the deadlines set forth in Civil Local Rule 16.1.f.6.b, as well as any inconsistent terms of a scheduling/case management order issued in a case by the assigned magistrate judge. Judge Anello **does not** require the parties to submit a joint proposed pretrial order *prior* to the final pretrial conference, and thus the requirement of Local Rule 16.1.f.6.b is **waived**. This policy allows for the parties to take into account the Court's rulings on motions in limine when preparing the joint proposed pretrial order."

and comply with Local Rule 16.1(f)(6).

19. The trial is scheduled to start on **December 15, 2020**, at **9:00 a.m.**

20. The parties must review and be familiar with Judge Anello's Civil Chambers Rules.

21. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

22. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated: January 13, 2020

_____
Hon. Ruben B. Brooks
United States Magistrate Judge

# CASE RESOLUTION GUIDELINES

## Attendance

All parties and claims adjusters for insured Defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case. Failure to attend or obtain proper excuse will be considered grounds for sanctions.

## Case Resolution Conference Briefs

Written statements, when specifically requested, shall be lodged no later than five court days before the scheduled conference. The statements will not become part of the court file. Written statements may be submitted on a confidential basis and lodged with Judge Brooks either by mail, by e-mail, or hand-delivery to the Clerk's Office in an envelope clearly marked "Confidential - Do Not File."

Any statement submitted should avoid arguing the case. Instead, the statement should include a neutral factual statement of the case and concisely set out issues of liability and damages, including any settlement demands and offers to date, and address special and general damages where applicable.

If appropriate, the Court will consider the use of other alternative dispute resolution techniques.

If you have any further questions, please feel free to contact my research attorney, at (619) 557-3404.