UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SOLER,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 14cv2470-MMA (RBB)<br><br>**ORDER RE: SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS** |

　　　　Plaintiff James Soler brings this civil rights action pursuant to 42 U.S.C. § 1983, and California state law, based on his arrest and detention for a thirty-year old crime he did not commit. On February 26, 2019, the Ninth Circuit issued an unpublished memorandum disposition reversing in part this Court's previous orders and judgment of dismissal, vacating the judgment accordingly, and remanding the case for further proceedings in accordance with its disposition. In doing so, the Ninth Circuit noted that "[b]ecause the district court dismissed Soler's federal claims, it declined to exercise supplemental jurisdiction over Soler's state law claims." Doc. No. 203 at 10, n.3. The circuit court instructed that "[o]n remand, the district court should reconsider whether to exercise supplemental jurisdiction over the state law claims." *Id.*

1

Plaintiff seeks clarification regarding which state law claims remain at issue in this action. Plaintiff requests that the Court exercise supplemental jurisdiction over his state law claims "against all of the SDSD Deputy Defendants, the Public Defender's Office, and attorney Salvatore Tarrantino [sic]." Doc. No. 212 at 2; *see also* Doc. No. 201 at 2-3.[1]

The Court has reconsidered and once again declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants Germaine, Medina, Milton, Smith, Turvey, and Tarantino, as well as the San Diego County Office of the Public Defender, based on the previous dismissal of all federal claims against these defendants.[2] *See* 28 U.S.C. § 1367(c)(3); *see also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Ismail v. Cty. of Orange*, 917 F.Supp.2d 1060 (C.D. Cal. 2012) (declining to exercise supplemental jurisdiction over state law claims against county defendant because all federal claims against that defendant had been dismissed); *Zazzali for DBSI Private Actions Tr. v. Alexander Partners, LLC*, No. 1:14-CV-00419-RJB, 2015 WL 13640265, at *4 (D. Idaho Feb. 6, 2015) (declining to exercise supplemental jurisdiction over state law claims against several defendants because all federal claims against the specific defendants had been dismissed and thus "[t]here is no longer a federal nexus for these defendants."); *San Pedro Hotel Co. Inc., v. City of L.A.*, 159 F.3d 470, 478-79 (9th Cir. 1998) (holding district court need not provide an explanation for dismissal of state claims where it is based on the dismissal of all claims over which the district court has original jurisdiction, or where the state law claim

---

[1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

[2] Plaintiff did not appeal the entry of judgment against him on his Fourth Amendment wrongful arrest claim, or the entry of judgment in favor of Defendants Javier Medina and Mark Milton on his Fourteenth Amendment wrongful detention claim. The Ninth Circuit affirmed the entry of judgment on Plaintiff's wrongful detention claim in favor of Defendants Ken Smith, Robert Germain, and Rick Turvey.

1

substantially predominates over the claim or claims over which the district court has original jurisdiction).

The Court will continue to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants Banuelos, Wilkins, and Hobbs, so long as Plaintiff's federal claims against those three defendants remain pending.

**IT IS SO ORDERED**.

DATE: March 24, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge