UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SOLER,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 14cv2470-MMA (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RETAX COSTS**<br><br>[Doc. No. 259] |

　　　　Plaintiff James Soler brought this action asserting civil rights violations pursuant to 42 U.S.C. § 1983, as well as state law claims for false imprisonment, negligence, and violation of California Civil Code section 52.1. *See* Doc. No. 1. As relevant here, the Court ultimately entered judgment in favor of Soler against Defendants Lisa Wilkins and Ray Hobbs ("Defendants"). *See* Doc. No. 223. Thereafter, Soler submitted a bill seeking reimbursement for costs totaling $19,139.24, to which Defendants objected. *See* Doc. Nos. 226, 247. The Clerk of Court taxed costs against Defendants in the amount of $7,851.09. *See* Doc. No. 256. Soler moves to retax costs pursuant to Federal Rule of Civil Procedure 54(d) and Civil Local Rule 54.1.h.[1] *See* Doc. No. 259. Soler seeks

---

[1] In the alternative, Soler requests that the Court award the costs at issue pursuant to 42 U.S.C. § 1988, as out-of-pocket expenses that "would normally be charged to a fee paying client." *Chalmers v. City of*

1

additional reimbursement for costs incurred on appeal and for certain deposition transcripts costs. Defendants filed a response in opposition, to which Soler replied. *See* Doc. Nos. 268, 274. For the reasons set forth below, the Court **DENIES** Soler's motion.

## DISCUSSION

Soler takes issue with the Clerk's calculation of costs in two respects. First, Soler argues that the Clerk erroneously declined to tax costs incurred on appeal, including the $505 filing fee and $1023.22 in copying costs. Second, Soler contends that he is entitled to reimbursement of an additional $8297.08 in deposition transcript costs which the Clerk declined to tax against Defendants. Defendants oppose Soler's motion in all respects.

### 1. *Legal Standard*

Federal Rule of Civil Procedure 54(d) provides the applicable legal standard: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule creates a strong presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003); *Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000).

"Section 1920 [of Title 28] enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Taxable costs include: (1) filing fees and other court fees, (2) fees for transcripts "necessarily obtained for use in the case;" (3)

---

*Los Angeles*, 796 F.2d 1205, 1216 n. 7 (9th Cir. 1986), reh'g denied and opinion amended, 808 F.2d 1373 (9th Cir. 1987). However, out-of-pocket expenses are distinct from taxable court costs. *See* 28 U.S.C. § 1920 (itemizing types of court costs); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (explaining under § 1988, "[o]ut-of-pocket litigation expenses are reimbursable as part of the attorneys' fee, distinct from the costs ... awarded ... under 28 U.S.C. § 1920"); *see also* 10 Wright & Miller et al., FED. PRAC. & PROC. CIV. § 2666. The items disputed herein fall within the categories of costs contemplated by 28 U.S.C. § 1920. The Court will address the recoverability of any nontaxable out-of-pocket expenses concurrently with Soler's request for attorneys' fees in a separate written ruling.

costs of exemplification and copies also "necessarily obtained," (4) certain fees for printing and witnesses, (5) docket fees, and (6) costs of court-appointed experts or compensation for interpreters. 28 U.S.C. § 1920. The Local Rules of Practice for the United States District Court for the Southern District of California provide for taxation by the Clerk of Court subject to judicial review and expound upon the nature of allowable statutory taxable costs. *See generally* CivLR 54.1. District courts in this circuit review a Clerk's taxation of costs de novo. *See, e.g.*, *Lopez v. San Francisco Unified Sch. Dist.*, 385 F.Supp.2d 981, 1001 (N.D. Cal. 2005).

### 2. Analysis

#### a) Costs Incurred on Appeal

The Court originally dismissed Soler's claims against Defendants based on lack of personal jurisdiction. *See* Doc. Nos. 125, 141. Soler appealed and the Ninth Circuit reversed the ruling, thereby reinstituting Soler's claims against Defendants and remanding the case for further proceedings. *See Soler v. Cty. of San Diego*, 762 F. App'x 383 (9th Cir. 2019) [Doc. No. 188]. Soler argues that the Clerk erroneously declined to tax the costs he incurred on appeal.[2] Soler relies primarily upon *Yamada v. Snipes*, 786 F.3d 1182 (9th Cir. 2015), in which the circuit court held that plaintiffs who "prevailed in an interlocutory appeal, and subsequently became prevailing parties after the district court entered judgment in their favor . . . are entitled to attorney's fees arising from the prior appeal." *Id*. at 1210.

Defendants' response is three-fold. First, Defendants argue that the appellate court has settled the matter by providing in its disposition that "[e]ach party shall bear its own costs on appeal." Doc. No. 188 at 10.[3] Second, Defendants argue that Soler forfeited his

---

[2] Those costs include "the cost of producing necessary copies of a brief or appendix, or copies of records," as well as "the fee for filing the notice of appeal," Fed. R. App. P. 39(c), (e)(4), and they are considered taxable costs under 28 U.S.C. § 1920 and this Court's Local Rules. *See* CivLR 54.1.b.12 ("Costs incurred on appeal as allowed by the Federal Rules of Appellate Procedure" are taxable).

[3] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

entitlement to costs by failing to file a timely bill of costs for consideration by the appellate court in violation of Federal Rule of Appellate Procedure 39 and the corresponding circuit rule.  Third, Defendants acknowledge the *Yamada* case but argue that its holding is limited to an award of attorneys' fees under section 1988 – not taxable costs under the applicable procedural rules.

      Pursuant to Rule 39(a)(4), "if a judgment is affirmed in part, reversed in part, modified, or vacated," as the circuit court did in this case, "costs are taxed only as the court orders." Fed. R. App. P. 39(a)(4).  As Defendants point out, the circuit court ordered the parties to bear their own costs.  *See* Doc. No. 188 at 10.  Moreover, any "party who wants costs taxed must—within 14 days after entry of judgment—file with the circuit clerk and serve an itemized and verified bill of costs," Fed. R. App. P. 39(d)(1); a review of the circuit court docket confirms that Soler did not do so.  *See generally* Docket, App. Case No. 17-56270.  Nonetheless, Soler argues that under *Yamada* he is entitled to a belated award of taxable appellate costs now that he is the prevailing party in this litigation.  *See* 42 U.S.C. § 1988(b) ("the court, in its discretion, may allow the prevailing party [in an action brought to enforce 42 U.S.C. § 1983] . . . a reasonable attorney's fee as part of the costs").

      In *Yamada*, "the Ninth Circuit . . . held that a party who only becomes entitled to fees after the time identified in Rule 39–1.6 can seek fees incurred in connection with the appeal in the district court." *Nat'l Council of La Raza v. Cegavske*, No. 12cv316MMD-VPC, 2017 WL 2683683, at *3 (D. Nev. June 21, 2017).  The question is whether *Yamada* – which directly addressed a belated award of attorneys' fees under 42 U.S.C. § 1988(b) – applies equally to a belated award of taxable appellate costs.  The Court finds that it does not.

      Pursuant to section 1988, an award of reasonable attorneys' fees is allowable "as part of the costs" of litigation.  42 U.S.C. § 1988(b); *see also Bravo v. City of Santa Maria*, 810 F.3d 659, 668 (9th Cir. 2016) ("attorney fees are a component of costs under 42 U.S.C. § 1988").  The subsumption of attorneys' fees within costs under section 1988,

however, does not render the two concepts indistinct. The Ninth Circuit has explicitly held that appellate "'costs' under Rule 39 do not include attorney's fees." *Fam. PAC v. Ferguson*, 745 F.3d 1261, 1268 (9th Cir. 2014). With respect to attorneys' fees awards, this distinction clearly favors a party such as Soler who enjoyed partial success on appeal but did not yet qualify as a "prevailing party" under section 1988. As the court explained in the *Family PAC* case:

> Under longstanding circuit practice, we will sometimes direct the parties to pay their own costs when, as here, there is a mixed judgment. This is in keeping with the general policy embodied by Rule 39 linking the taxation of costs with the results of the appeal. In the case of the same mixed result, however, the partially prevailing plaintiff may well be entitled to an award of attorney's fees under § 1988, because "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."

*Id.* (internal citations omitted). In holding taxable appellate costs distinguishable from attorneys' fees under section 1988, the circuit court noted the distinctive manner in which it addresses Rule 39 costs: "Under our General Orders, we typically address the taxation of costs when we file a disposition resolving an appeal on the merits," as the circuit court did in this case, and "[a]ttorney's fees, by contrast, are addressed by motions that are filed and decided later." *Fam. PAC*, 745 F.3d at 1269 (internal citation omitted). The Court held that "the term 'costs' under Federal Rule of Appellate Procedure 39 does not include attorney's fees recoverable as part of costs under 42 U.S.C. § 1988 and similar statutes," and as such, "[t]he district court properly awarded *attorney's fees* to Family PAC for the previous appeal," *id.* at 1269 (emphasis added), despite having determined in its disposition of the previous appeal that "'[e]ach party shall bear its own *costs* of appeal.'" *Id*. at 1263 (emphasis added).

The lesson from *Family PAC* is that section 1988 attorneys' fees and Rule 39 taxable appellate costs are distinguishable and should be treated as such by courts under the applicable rules. *Yamada*, decided the year after *Family PAC*, did not purport to

disturb this holding and bore only upon the question of attorneys' fees under section 1988; the court had nothing to say about taxable appellate costs.[4]  Thus, in light of the circuit court's previous apportionment of costs on appeal, *see* Doc. No. 188 at 10, *Family PAC*'s careful distinction between taxable costs and attorneys' fees, and *Yamada*'s resulting irrelevance to the matter at bar, the Court concludes that the costs Soler incurred on appeal should not be taxed against Defendants.

b) <u>Deposition Transcript Costs</u>

Soler also requests taxation of the costs arising out of nine depositions taken after this Court dismissed his claims against Defendants based on lack of personal jurisdiction, but before the Ninth Circuit reinstated those claims and remanded for further proceedings.  Soler argues that each deposition and resulting transcript was necessarily obtained for use in the case, as the nine deponents were "all percipient witnesses and/or provided key testimony about the nature of the procedures and practices underlying the events in San Diego."  Doc. No. 259 at 5.  Defendants do not suggest otherwise but respond that the Clerk correctly declined to tax those costs based on Defendants' dismissal from the litigation at the time Soler incurred the costs.

The costs of taking and transcribing depositions are generally awarded to the prevailing party so long as the depositions were reasonably necessary for litigation.  *See* 28 U.S.C. § 1920(2) (allowing fees for "printed or electronically recorded transcripts necessarily obtained for use in the case").  Civil Local Rule 54.1 provides in pertinent part:

> The cost of an original and one copy of any deposition (including videotaped depositions) necessarily obtained for use in the case is allowable. Depositions

---

[4] Indeed, the *Yamada* plaintiffs' subsequent motion seeking an award of attorneys' fees for work performed on the first appeal expressly excluded a request for taxable appellate costs incurred during that appeal due to the circuit court's previous directive that "[e]ach party shall bear its own costs of appeal." Doc. No. 34, App. No. 10-17280; *see also* Doc. No. 67-1 at 11 n.11, App. No. 12-17845 ("[A]s before, [appellants] deduct the appellate 'costs,' as they were apportioned by this Court in its Order dismissing the interlocutory appeal.") (citing *Yamada v. Kuramoto*, No. 10-17280 (Order granting unopposed motion to voluntarily dismiss (June10, 2011))).

> need not be introduced in evidence or used at trial to be taxable so long as at the time it was taken it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery.

CivLR 54.1.b.3.a.

Here, the nine depositions at issue were undoubtedly obtained by Soler for use in this case. Nevertheless, Defendants assert that because Soler incurred the disputed costs after dismissal of his claims against them, those costs were not necessarily obtained for Soler's use in his case against *them*, specifically, and to the extent that Soler used the depositions for trial preparation and/or dispositive motion practice, he did so primarily with respect to the San Diego County defendants. Soler points out in reply that he provided Defendants with copies of the deposition transcripts in order to facilitate expedited discovery post-remand and therefore Defendants should bear the cost.

Both arguments have merit. But, keeping in mind that "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection," *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011), the Court ultimately finds that Defendants should not be taxed for deposition costs incurred by Soler after Defendants' discharge from the action. *See, e.g.*, *Am. Nat. Ins. Co. v. Citibank, F.S.B.*, 623 F. Supp. 2d 953, 955 (N.D. Ill. 2009) (declining to tax costs when the party "had no notice that it would be liable for any costs in a lawsuit which it was not prosecuting and to which it was not a party."); *Anderson v. Jo-Ann Stores, Inc.*, No. 3:09-1042, 2011 WL 3608560, at *3 (M.D. Tenn. Aug. 15, 2011) (holding that party "may not be assessed for costs that arose prior to its intervention in this case.").

## Conclusion

Based on the foregoing, the Court **DENIES** Soler's motion to retax costs.

**IT IS SO ORDERED**.

DATE: May 19, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge